# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 26, 2008

135594

JAMES A. BECKES,
　　　　　Plaintiff-Appellee,

v

DETROIT DIESEL CORPORATION
and NATIONAL UNION FIRE
INSURANCE COMPANY,
　　　　　Defendants-Appellants.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135594
COA: 270791
WCAC: 03-000210

　　　　　On order of the Court, the application for leave to appeal the November 27, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the Court of Appeals opinion in part with regard to its application of *Sington v Chrysler Corp*, 467 Mich 144 (2002), and the Workers' Compensation Appellate Commission's determination that *Sington* is inapplicable, and we REMAND this case to the Board of Magistrates for further proceedings regarding disability consistent with the standards set forth in *Stokes v Chrysler LLC* (Docket No. 132648), 481 Mich 266 (2008).  In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.  We do not retain jurisdiction.

　　　　　MARKMAN, J.  (*concurring*).

　　　　　I concur in this Court's order vacating the Court of Appeals opinion in part and remanding to the magistrate in light of *Stokes v Chrysler LLC,* 481 Mich 266 (2008).  I write separately only to reaffirm what I stated in *Rowland v Washtenaw Co Rd Comm,* 477 Mich 197 (2007) (Markman, J., concurring), in response to the incessant criticisms of the dissenting justices concerning the majority justices' alleged lack of regard for precedent.  See, e.g., *Rowland, supra* at 257 n 13 (Kelly, J., dissenting).  As I observed in *Rowland,* that the majority justices have overruled precedent more often than the dissenting justices is less a function of the former respecting precedent any less than the latter, than it is a function of the reality that the dissenting justices, unlike the majority justices, believe that these precedents were rightly decided.  This point is once again

reinforced by what the dissenting justices are doing in the instant case, as well as in *Bessinger v Our Lady of Good Counsel* (Docket No. 128870), __ Mich __ (2008); *Diot v Dep't of Corrections* (Docket No. 130702), __ Mich __ (2008); *Kohler v Mercy Mem Hosp Corp* (Docket No. 135949), __ Mich __ (2008); *Malloy v DSI Acoustical Co* (Docket No. 136561), __ Mich __ (2008); *Robertson v DaimlerChrysler Corp* (Docket No. 134805), __ Mich __ (2008); *Innes v Allied Automotive Group, Inc* (Docket No. 134319), __ Mich __ (2008); and *Jones v Comerica, Inc*, 482 Mich 890 (2008).

CAVANAGH and KELLY, JJ., would deny leave to appeal.

WEAVER, J. (*dissenting*).

I dissent from the order partially vacating the Court of Appeals judgment with regard to *Sington v Chrysler Corp,* 467 Mich 144 (2002), and the Workers' Compensation Appellate Commission's determination that *Sington* is inapplicable, and remanding this case to the magistrate for further proceedings regarding disability consistent with the standards set forth in *Stokes v Chrysler LLC*, 481 Mich 266 (2008).

Because I dissented from the majority opinion in this Court's decision in *Stokes v Chrysler LLC,* I vote to grant leave to appeal in this case to consider whether a majority of this Court reached the correct decision in *Stokes*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2008

*Corbin R. Davis*
Clerk

d0923